IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| LARRY BOYDSTON, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 01-PT-2099-M |
| MILLER INDUSTRIES TOWING EQUIPMENT, INC., et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause comes to be heard on defendants Miller Industries Towing Equipment, Inc. and Century Wrecker Corporation's Motion for Summary Judgment filed on March 29, 2002.

**FACTS**

Plaintiff Larry Boydston ("Boydston") is a resident citizen of DeKalb County, Alabama. Defendant Miller Industries Towing Equipment, Inc. ("Miller") is a Delaware corporation whose principal offices are located at Ooltewah, Tennessee. Defendant Century Wrecker Corporation ("Century") is a Tennessee corporation with its principal offices located at Ooltewah, Tennessee.

On August 20, 2001, Boydston filed a civil action in this court against defendants Miller and Century pursuant to 28 U.S.C. §§ 1331 and 1332. In the complaint, Boydston alleged that on October 19, 2000 he was injured when the J-hook he was using to pull a truck broke and hit him in the face. Boydston alleged that Miller and Century "were engaged in the business of manufacturing, designing, selling and/or distributing J-hooks throughout the United States, including the state of Alabama." Furthermore, he alleged that Miller and Century manufactured, sold and/or distributed the J-hook that caused his injury. Based on these allegations, Boydston claimed that his injuries "were caused as a proximate consequence of the negligent, willful,

and/or wanton conduct, failure to warn, breach of contract, breach of warranty, [and] violation of the Alabama Extended Manufacturers and/or Strict Liability Doctrines."

On March 13, 2002, Clay Traylor, the Senior Vice President of Sales & Marketing for Miller, examined the J-hook provided by counsel for Boydston.[1] Upon examination, Traylor noticed that the J-hook had a square end. According to Traylor, all hooks sold by Miller have a rounded end. On March 29, 2002, Miller and Century filed a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[2]

## ARGUMENTS

Miller and Century argue that summary judgment is appropriate because they did not sell the J-hook that struck Boydston in the face. In addressing the negligence/wantonness claim, defendants argue that summary judgment is appropriate because there is no evidence that they breached any duty owed to Boydston which proximately caused him damage. *See AALAR, Ltd., Inc. v. Francis*, 716 So. 2d 1141, 1144 (Ala. 1998) (stating that the elements of a negligence claim are a duty, a breach of duty, causation, and damage). They argue that the Alabama Extended Manufacturers' Liability claim must fail because there is no evidence that they sold any product to Boydston which was in a defective condition. *See Casrell v. Altec Indus., Inc.*, 335 So. 2d 128, 132-33 (Ala. 1976) (stating that a plaintiff can establish liability by demonstrating injury to himself or his property by one who sells a product in a defective condition unreasonably dangerous to the plaintiff). Finally, they contend that the breach of

---

[1] *See* Affidavit of Clay Traylor at p.1. Traylor has been the Sr. Vice President of Sales & Marketing for the past four years. He has been employed by Miller since 1983.

[2] Apparently, Miller is the successor in name to Century. *See* Defendant's Answers to Plaintiff's First Interrogatories and Requests for Production at p.1.

2

contract/breach of warranty claim(s) must fail because there is no evidence to support a contractual claim or that defendants warranted anything about the product.

In response Boydston requests that the court, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure,[3] deny the motion for summary judgment or, in the alternative, defer its ruling until pertinent discovery is completed. In support of this request, Boydston notes that the discovery cut off in this action was originally set for March 30, 2002. He states that on February 21, 2002, a Motion to Compel Defendants' Response to Discovery and Motion for Extension of Time in order to obtain discovery requests was filed. According to Boydston, Judge Green issued an order requiring Miller and Century to respond to his discovery requests by March 15, 2002. However, Boydston states that these discovery requests were not received until April 11, 2002. Additional discovery responses were received by Boydston the following day. After this date, Boydston argues, his counsel has requested dates to take the deposition of Miller's corporate representatives. He notes that counsel for Miller has indicated that they will provide dates for Miller's representatives to be deposed. Boydston argues that justice and fairness dictate that he be afforded the opportunity to examine Traylor and other personnel of Miller to determine if Miller supplied the J-hook.[4] Boydston claims that he should be allowed to depose Traylor and another Miller employee, Sonny Schrader, regarding Traylor's affirmative

---

[3] Rule 56(f) reads as follows:

> (f) **When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or deposition to be taken or discovery to be had or may make such other order as is just.

Federal Rule of Civil Procedure 56(f).

[4] Apparently, counsel for Boydston did not receive Traylor's affidavit until April 9, 2002.

3

declaration that Miller and Century did not supply the J-hook in question. Since Boydston's counsel has not been able to question Traylor and other Miller personnel regarding Traylor's declarations, Boydston requests that the court exercise its authority under Rule 56(f) and defer ruling on the summary judgment motion until the pertinent discovery is completed.

## MOTION FOR SUMMARY JUDGMENT STANDARD

Summary judgment may be granted based upon facts developed during the pleadings, discovery, and supplemental affidavits, etc., if together, they show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-33 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the initial burden of explaining the basis of his motion. *Id.* The non-moving party then bears the burden of showing that there are specific facts demonstrating that there is a genuine issue of fact for trial. *Id.* at 324. "When deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences drawn therefrom are reviewed in a light most favorable to the non-moving party." *Korman v. HBC Florida, Inc.*, 182 F.3d 1291, 1293 (11th Cir. 1999). The trial court must resolve all reasonable doubts in favor of the non-moving party, but need not resolve all doubts in a similar fashion. *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987).

## CONCLUSIONS OF THE COURT

As indicated Rule 56(f) provides for a delay of consideration under certain circumstances. Obviously, the initial issue is whether the defendant(s) manufactured or sold the product. Presumably the plaintiff had some reason to believe that the defendant(s) sold or

4

manufactured the product. The court will allow sixty (60) days for discovery. The motion(s) will be deemed under submission on July 15, 2002.

This 2nd day of May 2002.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

5